FILED
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 09 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GEORGE BROWN,

                Plaintiff,

                                                ORDER
-against-                                     13-CV-4047 (SJF)(GRB)

FREEPORT POLICE DEPARTMENT and
NASSAU COUNTY D.A. OF NEW YORK,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

       On July 15, 2013, incarcerated *pro se* plaintiff George Brown ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants, Freeport Police Department and Nassau County D.A. of New York (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to file the complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's Section 1983 claims seeking release from custody are *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted and plaintiff's Section 1983 claims seeking damages are stayed pending termination of the underlying criminal proceedings against him.

I.      The Complaint[1]

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

Plaintiff alleges that upon walking into the building in which he resides on November 5, 2012, he smelled smoke coming from the incinerator room located on the first floor, so he walked into that room. (Compl., ¶ IV). The superintendent of the building then entered the incinerator room and, upon seeing plaintiff, thought plaintiff had started a fire and asked him about it. (Handwritten Statement Annexed to Compl. ["Stat."] at 1). Plaintiff told the superintendent that he did not know anything about a fire, then left the incinerator room and went to his apartment. (Id.) As soon as he got into his apartment, "Nassau police" arrived. (Compl., ¶ IV; Stat., at 1). When plaintiff opened the door to talk with the police, they forced their way into his apartment and searched it without a warrant. (Compl. ¶ IV; Stat., at 2). According to plaintiff, he was arrested without explanation, then transported by "Nassau County police" to the First Precinct on Baldwin Avenue. (Compl. ¶ IV; Stat., at 2). Plaintiff alleges that he has been imprisoned for eight (8) months "without NO indictment." (Stat., at 2).

In the section of the form complaint asking plaintiff to describe his injuries and state what medical treatment he received, plaintiff wrote: "None." (Compl. ¶ IV.A). Plaintiff seeks to recover damages in the amount of "$1,000,00" for the time he has spent in jail and to be released from custody. (Compl. ¶ V; Stat., at 2).

II.   Discussion

   A.   Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be

2

applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Sykes v. Bank of America, 723 F.3d 399, 403 (2d Cir. 2013), and to construe them "to raise the strongest arguments [that they] suggest[]." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc, 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S.Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc, 671 F.3d 120, 128 (2d Cir. 2011).

3

B.   **Section 1983**

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

1.   Release from Custody

To the extent plaintiff seeks to be released from custody, such relief is not available in a Section 1983 action. See, e.g., Tirado v. Deboers, No. 1:03-cv-5604, 2013 WL 1810746, at * 5 (E.D.N.Y. Apr. 24, 2013) (holding that a Section 1983 action "is not a proper vehicle for plaintiff to seek release from custody."); Baker v. New York State Executives and Officers, No. 1:12-cv-1090, 2012 WL 2358162, at * 2 (E.D.N.Y. June 20, 2012) (holding that a demand to be released from custody "is not cognizable under Section 1983"). See generally Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (holding that habeas relief is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release from custody). "Requests for release from custody must be brought under the narrow remedy available in federal habeas corpus, not through a damages action." Baker, 2012 WL 2358162, at * 2; see also Muhammad v. Close, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d

4

32 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus * * *."); Tirado, 2013 WL 1810746, at * 5 ("Insofar as plaintiff seeks release from custody, he can do so only on a properly submitted petition for a writ of habeas corpus * * *.") Accordingly, plaintiff's Section 1983 claims seeking release from custody are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

2.  Claims for Damages

Plaintiff's Section 1983 claims seeking damages are in the nature of false arrest, false imprisonment and malicious prosecution. Where, as here, a plaintiff files a civil rights action seeking damages, *inter alia*, for false arrest, false imprisonment or malicious prosecution before the termination of the criminal proceedings against him, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); see also Heck v. Humphrey, 512 U.S. 477, 487 n. 8, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.") "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal [of the Section 1983 claims]; otherwise, the civil action will proceed, absent some other bar to suit." Wallace, 549 U.S. at 394, 127 S. Ct. 1091. Accordingly, plaintiff's Section 1983 claims seeking damages are stayed pending the termination of the underlying criminal proceedings against him. This case shall be

---

[2] The dismissal of plaintiff's Section 1983 claims seeking release from custody is without prejudice to plaintiff filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, *et seq.*

administratively closed, with leave to reopen within two (2) weeks of the termination of the underlying criminal proceedings against plaintiff. **Plaintiff is advised that a failure to seek leave to reopen this action within two (2) weeks of the termination of the underlying criminal proceedings against him may result in the dismissal of his Section 1983 claims seeking damages with prejudice.**

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's Section 1983 claims seeking release from custody are *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, without prejudice to filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, *et seq.*; and plaintiff's Section 1983 claims seeking damages are stayed pending termination of the underlying criminal proceedings against him. The Clerk of the Court shall administratively close this case, with leave to reopen within two (2) weeks of the termination of the underlying criminal proceedings against plaintiff. No summons shall issue at this time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED**    s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated:   October 9, 2013
         Central Islip, New York